IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY L. MARKS                                                                                    PLAINTIFF

v.                                            Civil No.: 6:18-CV-06080

OFFICER CHAVEZ (Gurdon, Arkansas),                                                       DEFENDANTS
DEPUTY TOBY LNU (Clark County
Sheriff's Office), DWAN MORGAN
(Arkansas Community Correction Parole
Officer), and JOE KHAUN (Arkansas
Community Correction Parole Supervisor)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on August 30, 2018. (ECF No. 1). Plaintiff is currently incarcerated in the Department of Community Correction Omega Technical Violator Center and is awaiting trial on his pending criminal charges. (*Id*. at 4). Plaintiff alleges Defendant Chavez wrongfully arrested him for the theft of a car. (*Id*. at 5). He alleges Defendant Morgan revoked his parole under false pretenses. (*Id*.). He alleges Defendant Khaun permitted him to be

1

incarcerated under false pretenses. (*Id*. at 6). Finally, he alleges Defendant Toby knew he "was in no state" to be driving anything stole[n]" because he was intoxicated. (*Id*. at 7). Plaintiff alleges he was merely "an easy target due to my background." (*Id*.).

Plaintiff proceeds against Defendants Chavez, Morgan, and Khaun in their official capacity. (*Id*. at 5-6). He proceeds against Defendant Toby in both official and personal capacity. (*Id*. at 7). Plaintiff seeks compensatory damages for pain and suffering. (*Id*. at 8).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's claims are barred by the *Younger* abstention doctrine. The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night*

*Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* abstention doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

Plaintiff's claim involves an ongoing state criminal proceeding against Plaintiff. The state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he is in some way prohibited or prevented from raising his constitutional claims during the state criminal proceedings. *See Conley v. Hiland*, No. 4:15-cv0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). There is no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate. Because Plaintiff seeks only monetary damages, traditional abstention practices generally favor a stay of this case rather than outright dismissal. *See Night Clubs, Inc.*, 163 F.3d at 481. Thus, the Court should stay and administratively terminate this federal case until the pending state criminal charges are resolved. *See Yamaha Motor*

*Corp., U.S.A.*, 179 F.3d at 603-04; *Conley*, 2015 WL 4096152, at *1; *Dunkin v. Morales*, No. 1:11-cv-0010-JMM, 2011 WL 719016, at *2 (E.D. Ark. Feb. 22, 2011).

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's case be STAYED and ADMINISTRATIVELY TERMINATED. I further recommend that Plaintiff be advised that he may pursue his claims after the state criminal proceedings have concluded by filing a motion to reopen this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **9th day of October 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE